CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 17 2013

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **KENNETH WAYNE JOHNSON,** | ) | CASE NO. 7:13CV00248 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **DIRECTOR, VIRGINIA DEPARTMENT** | ) | |
| **OF CORRECTIONS,** | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| Respondent. | ) | |

Kenneth Wayne Johnson, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the November 15, 2011 judgment of the Circuit Court of the Washington County, under which he stands convicted of drug offenses and sentenced to 70 years in prison, with 62 years and two months suspended. Upon review of the records, the court concludes that the respondent's motion to dismiss must be granted.

I

Johnson pleaded guilty on November 10, 2011, pursuant to a written plea agreement, to three counts of distributing a schedule II controlled substance, in violation of Va. Code § 18.2-248(C) (Case Nos. CR110000336, CR11000340, and CR11000341), and conspiring to distribute a schedule III controlled substance, in violation of Va. Code §§ 18.2-256 and 18.2-248(E1) (Case No. CR11000339). In the plea agreement, Johnson stipulated that the evidence the Commonwealth could offer against him was sufficient to support his conviction. In exchange, the Commonwealth agreed to dismiss two other drug charges and agreed to recommend that Johnson receive terms of 20 years in prison for each of the distribution counts and 10 years for

the conspiracy offense, for a total of 70 years in prison, but with 62 years and two months suspended.

The plea agreement indicated that Johnson understood the charges, that he had consulted with his attorney and was satisfied with the attorney's services, and that he was aware of the terms and consequences of his plea agreement. The agreement also indicated that Johnson not been coerced or promised anything by the Commonwealth in exchange for the plea other than the written terms of the agreement and independently decided to enter the plea. Johnson also signed a guilty plea questionnaire, among other things affirming his understanding of the charges, the consequences of pleading guilty, the potential sentence he faced of 180 years in prison, and his satisfaction with counsel's services.

At the plea hearing, the trial judge asked Johnson about the guilty plea questionnaire, and Johnson verbally affirmed that he had read and answered its questions truthfully and understood both the questions and his answers. Johnson also verbally affirmed that he had read and understood the plea agreement, including its reference to a specific sentence recommendation and his stipulation that the Commonwealth could prove all elements of the offenses charged and that jurisdiction and venue were proper. As additional factual support for the plea, the Commonwealth offered into evidence certificates of analysis on the drugs involved in the transactions for which Johnson was charged and evidence of his prior drug trafficking convictions.

Counsel informed the court that he and Johnson had discussed an alternative strategy: "I would like to note for the record that Mr. Johnson and I spent two days, basically, discussing this plea agreement after I was substituted [as counsel]. We did discuss the potential accommodation defense and after full and fair discussion decided to take the plea agreement." Tr. 7, Nov. 10,

2011. Before accepting Johnson's plea and pronouncing sentence, the court asked Johnson if he had anything to say. Johnson stated:

> I don't think, sir, that there's a person in this courtroom right here that would watch one of their pets or one of their animals suffer a slow painful death. And that's what they've done to me here over a few pain pills that I—I wasn't setting on selling pain pills. A man came to my house and begged me to go out the street and get him some. And I'm going to die in prison a slow miserable death over this.

Tr. 10. The court found that Johnson understood and agreed with the facts of the case and was freely and intelligently pleading guilty. The court then sentenced Johnson in accordance with the plea agreement to a total of 70 years in prison with 62 years and two months suspended. Johnson did not appeal.

In August of 2012, Johnson filed a timely petition for a writ of habeas corpus in the Supreme Court of Virginia. By order dated April 18, 2013, the Supreme Court of Virginia dismissed Johnson's petition (Record No. 121476).

Johnson then filed his timely § 2254 petition. Liberally construed, he alleges the following claims for relief:

1. Petitioner was only guilty of distributing drugs as an accommodation and counsel advised against this defense, erroneously stating that if money changed hands, the transaction was not accommodation;

2. Petitioner's sentence violated the 8th Amendment because it was disproportionate to his crime;

3. Petitioner's sentence violated the 14th Amendment by treating him differently than "similarly situated" people;

4. Petitioner's guilty plea was involuntary because his medication and mini-strokes prevented him from understanding the charge;

5. Petitioner was denied his due process right to know the evidence against him and confront his accusers because he did not know the name of the informant and did not see the discovery; and

6.  The prosecutor failed to disclose exculpatory evidence to petitioner, who never saw the discovery, DVDs, or police report.

Respondent moves to dismiss these claims as procedurally barred from federal habeas review or without merit. Johnson has responded, making the matter ripe for disposition.

## II

### A. Standards of Review

"A federal court ordinarily may not consider claims that a petitioner failed to raise at the time and in the manner required under state law unless 'the prisoner demonstrates cause for the default and prejudice from the asserted error.'" Teleguz v. Pearson, 689 F.3d 322, 327 (4th Cir. 2012) (quoting House v. Bell, 547 U.S. 518, 536 (2006)). If a state court expressly bases its dismissal of a habeas claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the federal version of that habeas claim is procedurally barred from review on the merits. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998) (citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)). A claim is also defaulted for federal habeas purposes petitioner failed to present it to the state court, and the claim would now be procedurally barred from state court review. Id. (citation omitted). A federal habeas court may review the merits of a procedurally defaulted claim only if petitioner demonstrates cause for the default and resulting prejudice or makes a colorable showing of actual innocence. Id. at 620.

When a § 2254 petitioner's habeas claim has been adjudicated on the merits in state court proceedings, the federal review court cannot grant relief unless the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the

facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2); see also Harrington v. Richter, 131 S. Ct. 770, 785 (2011).

**B. Discussion of Claims**

**1. Procedurally Defaulted Claims**

The respondent asserts that Claim 1 is procedurally barred from federal habeas review, and the court agrees. Johnson did not present this claim to the Supreme Court of Virginia. If he now raised his claim that he is only guilty of accommodation and counsel should have so argued, the state court would find the claim barred under the state statute prohibiting successive petitions. See Virginia Code § 8.01-543(B)(2). The Fourth Circuit has recognized the successive petition bar in § 8.01-654(B)(2) as an adequate and independent state law ground barring federal habeas review. See, e.g., Pope v. Netherland, 113 F.3d 1364, 1372 (4th Cir. 1997). Johnson has not shown cause for his failure to raise this claim in state court. Accordingly, the court must dismiss Claim 1 as procedurally barred.[1] Breard, 134 F.3d at 620.

The respondent also argues that Claims 2 and 3 are procedurally defaulted. For the following reasons, the court agrees. Johnson presented each of these claims in his state habeas

---

[1] Respondent also argues that Claim 1 asserts a trial court error under state law, which is not a cognizable claim for relief under § 2254. The court agrees. A federal court may grant relief under § 2254 only upon a showing that petitioner is confined in violation of the Constitution, laws or treaties of the United States. § 2254(a); Wilson v. Corcoran, 131 S. Ct. 13, 14 (2010) (same). "Federal habeas corpus relief does not lie for errors of state law." Swarthout v. Cooke, 131 S. Ct. 859, 861 (2011) (per curiam). Moreover, it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

Under § 18.2-248(D) of the Virginia Code, an individual convicted of distributing a controlled substance can mitigate his punishment by proving by a preponderance that he distributed the substance "only as an accommodation to another individual . . . and not with intent to profit thereby . . . nor to induce the recipient to use or become addicted to" the drug. Stillwell v. Commonwealth, 247 S.E.2d 360, 365 (Va. 1978). The Washington County Circuit Court found it appropriate under state law to accept Johnson's guilty plea to charges that he distributed controlled substances, without recognition of an accommodation defense to mitigate his sentence. This court cannot second-guess the state court's application of state law, and the violation of state law that Johnson alleges cannot provide grounds for federal habeas relief.

5

petition, and the Supreme Court of Virginia expressly held that they were procedurally barred from habeas review under Slayton v. Parrigan, 205 S.E.2d 680, 682 (1974), because Johnson failed to raise these issues at trial and on direct appeal. Slayton is a valid state procedural rule, independent of the federal question and adequate to support the judgment. See Smith v. Murray, 477 U.S. 527, 533-39 (1986); Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998). Johnson fails to show cause for this default or resulting prejudice and makes no colorable claim of actual innocence. Therefore, these claims are also procedurally barred from federal habeas review and must be dismissed. Breard, 134 F.3d at 620.

## 2. Voluntary Guilty Plea

In Claim 4, Johnson asserts that his guilty plea was invalid because he was not mentally capable of understanding the proceedings. Specifically, he contends that at the time of the guilty plea, he was taking 1600 mg. of Neurontin daily and had suffered three "TIA attacks (mini-strokes)." Pet. 7. He offers copies of his medical records that mention his medication and his various medical conditions, including neurological issues. Johnson claims that as a result of the medication and strokes, he suffered numbness in his left side, memory loss, and loss of sight in his left eye. He asserts that only after he had been off the drug for two months did he start to regain his memory and understand what had happened during the criminal proceedings.

Johnson presented similar allegations in his state petition, and the Supreme Court of Virginia denied relief, finding that Johnson had failed to demonstrate why he should not be bound by his sworn statements that his guilty plea was voluntary, citing Anderson v. Warden, 281 S.E.2d 885, 888 (Va. 1981). Anderson holds that when asserting an ineffective assistance of counsel claim to invalidate a plea, a state habeas petitioner is prohibited (absent an adequate reason) from presenting facts that directly controvert his prior statements concerning

6

voluntariness of the plea or adequacy of trial counsel. Id. The state court found that Johnson offered insufficient evidence to undermine the veracity of his statements during the plea colloquy that he understood the proceedings and the consequences of his plea and had committed the offense conduct as charged.

The court cannot find the state court's adjudication of this claim to be an unreasonable unreasonable under § 2254(d). Under established federal law,

> the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). To mount a collateral attack of his guilty plea, petitioner must "present valid reasons why his statements" during the guilty plea colloquy "should not be conclusively accepted as true." Via v. Superintendent, Powhatan Correctional, 643 F.2d 167, 171-72 (1981).

Johnson's claim that medication and mini-strokes prevented him from understanding the plea agreement and guilty plea proceedings is directly contradicted by his prior, sworn statements. He indicated that he was not under the influence of drugs at the time he signed the plea agreement. His responses during the plea colloquy indicated, repeatedly, that he had consulted with counsel and understood the charge, the plea agreement, the consequences of his plea, and the stipulation in the agreement that the Commonwealth could prove every element of the charge. His spontaneous comments to the court at the end of the hearing also indicated his understanding of the evidence, the charge, and the guilty plea proceedings. His self-serving, after-the-fact claims of being incapacitated at the hearing by memory loss and confusion induced by medication and strokes are simply not credible, when compared to his solemn declarations on

7

the record to the contrary. Thus, the court concludes that Johnson fails to overcome the presumption of veracity attached to his sworn statements indicating that his guilty plea was knowing and voluntary, and therefore, valid. Because the state courts' adjudication of this claim was neither contrary to nor an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts, the court must grant the motion to dismiss under § 2254(d) as to Claim 4.

### 3. Claims Waived by the Valid Guilty Plea

In Claims 5 and 6, Johnson asserts that he was denied the right to confront the confidential informant and the Commonwealth's evidence and that evidence was not disclosed to him, personally. The Supreme Court of Virginia found that, by entering a valid guilty plea, Johnson had waived his opportunity to raise these trial right claims in habeas proceedings. See Peyton v. King, 169 S.E.2d 569, 571 (Va. 1969) (finding that a voluntary and intelligent guilty plea waives all non-jurisdictional defenses antecedent to a guilty plea).

The state court's finding is consistent with established federal law. "It is well settled that a voluntary and intelligent plea of guilty of an accused person, who has been advised by competent counsel, may not be collaterally attacked." United States v. Broce, 488 U.S. 563, 574 (1989) (omitting citation).

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

Tollett v. Henderson, 411 U.S. 258, 267 (1973). The constitutional rights asserted in Claims 5 and 6 are among those rights Johnson expressly waived pursuant to his guilty plea: the rights to disclosure of the Commonwealth's exculpatory evidence and to confront the evidence and

witnesses against him.[2]  Thus, he has waived his right to contend in this habeas corpus proceeding that he was deprived of these rights.  Id.  Because the state courts' adjudication of Claims 5 and 6 was neither contrary to nor an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts, the court must grant the motion to dismiss under § 2254(d) as to these claims.

III

For the stated reasons, the court concludes that Johnson is not entitled to relief under § 2254.  Because his claims are either procedurally defaulted or without merit, the court will grant the motion to dismiss.  An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 17th day of December, 2013.

/s/ James C. Turk
Senior United States District Judge

---

[2] Johnson attempts to construct a claim under Brady v. Maryland, 373 U.S. 83, 87 (1963), alleging that the prosecutor failed to disclose exculpatory evidence to "me.  Maybe my lawyer, but [I] never saw it."  Pet. 8.  To state a Brady claim, the defendant must state facts showing that the government possessed but did not disclose to the defense evidence favorable to him to which he did not otherwise have access, and that with disclosure of that evidence, the outcome of the proceeding probably would have been different.  United States v. Wilson, 901 F.2d 378, 380-81 (4th Cir. 1990) (citations omitted).  The prosecutor has no obligation under Brady or any other precedent or provision to present evidence directly to the defendant, rather than to the defendant's counsel.  Moreover, Johnson does not dispute the prosecutor's affidavit, stating that, well before the guilty plea, Johnson's attorneys were provided with discovery and Brady materials, including the DVD of the drug transactions.  Nor does Johnson point to any particular exculpatory item of evidence that was not disclosed to his attorneys or demonstrate any reasonable probability that, with disclosure of any such item, the outcome at trial would have been different.  Thus, Johnson states no cognizable habeas claim regarding his alleged lack of opportunity to review the evidence.